Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01C1610 ~~00 C 2568~~ | **DATE** | 11/2/2000 |
| **CASE TITLE** | Flood vs. Long Term Disability Plan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the foregoing reasons, the court grants the motion to remand (11-1) and remands this case for a new determination of benefits consistent with this opinion. The motion to compel (10-1) discovery is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | number of notices |
| | No notices required. | | |
| | Notices mailed by judge's staff. | | FEB 18 2003 |
| | Notified counsel by telephone. | | date docketed |
| ✓ | Docketing to mail notices. | | docketing deputy initials |
| | Mail AO 450 form. | 03 NOV -2 PM 6:51 | |
| | Copy to judge/magistrate judge. | | date mailed notice |
| TP | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLENE MARIE FLOOD, )
)
Plaintiff )
)
) No. 00 C 2568
v. )
)
LONG TERM DISABILITY PLAN FOR ) Judge John A. Nordberg
FIRST DATA CORPORATION, and )
CONTINENTAL CASUALTY )
COMPANY, a CNA Company, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff has filed a claim for long term disability insurance benefits under an ERISA plan. 29 U.S.C. § 1132(a)(1)(B). Currently before the court is a motion to remand this case for a re-determination by the plan administrator. For the reasons set forth below, the motion is granted.

## BACKGROUND[1]

Plaintiff Charlene Marie Flood was an active full-time employee of First Data Corporation until May 3, 1999 when she quit working due to what she describes in her complaint as "major depression with anxiety." She then filed a claim for disability benefits under a long term disability plan sponsored by her employer (the "Plan"). Plan benefits are paid through an

---

[1] The following facts are taken from the complaint and the exhibits attached by both parties to their briefs. For purposes of this motion, the facts are generally undisputed.

-1-

insurance policy underwritten by defendant Continental Casualty Company, a CNA Company ("Continental Casualty" or "defendant").

On September 27, 1999, Continental Casualty denied the initial request for benefits in a three-page letter written by Frank Martinko, a claim analyst. Martinko reviewed plaintiff's medical records, which consisted primarily of "therapy notes" made by her two treating doctors --Dr. Theodore Handrup, Jr. (a psychiatrist) and Dr. Robert Wynkoop (a psychologist) -- during multiple office visits she made to each of them during the summer and fall of 1999. Based on his review of these records, Martinko concluded that plaintiff was initially disabled from her anxiety but that she improved over the next month and thus was not continuously disabled over the entire three-month period, as was required under the Plan to qualify for long term benefits.

With the help of counsel, plaintiff then filed an internal administrative appeal, which was denied in a March 13, 2000 letter written by Robert Troxell, a member of the appeals committee. The appeals committee reviewed the claim file "in its totality, during a comprehensive, independent appraisal" and concluded that the original decision to deny long-term benefits "was correct and true to the policy's provisions." As part of its review process, the committee sent plaintiff's claim file to a licensed psychologist for an "Independent Peer Review." This psychologist, Dr. Charles W. Paskewicz, prepared two letter reports for the committee -- a 4-page letter dated March 9, 2000 and a follow-up one-page letter dated March 10, 2000.[2] Dr. Paskewicz concluded that plaintiff's "inability to work at her current job is work-site specific" and that she "does not have a mental/nervous problem of such severity that would interfere with

---

[2] For convenience, we will refer to the two letters together as the Paskewicz report.

-2-

her performing those same duties for another employer." In the March 13th letter, the appeals committee referred to the fact that it had commissioned the Paskewicz report and it also attached a copy of that report but it did not otherwise discuss the details of the report.

The first time plaintiff became aware of the Paskewicz report was when she received the committee's March 13th letter attaching a copy of that report. In addition to not receiving the Paskewicz report during the administrative process, plaintiff also did not receive a copy of a November 29, 1999 report prepared by a nurse working for Continental Casualty, Lissa Estes.[3] Two pages long, the Estes report summarizes some of the facts relating to plaintiff's case and then concludes that she has "some symptoms of anxiety and depression" but that those symptoms "do not indicate severity." The March 13th appeals committee letter does not attach a copy of the Estes report nor does it refer to it in any direct way.

## DISCUSSION

Plaintiff has filed a motion asking us to remand this case to the administrator for a re-determination of benefits. She states that she never received a copy of the Paskewicz and Estes reports during the original administrative review and that she therefore was not able to submit rebuttal evidence to these two reports. In effect, she is arguing that defendant concealed from her the expert opinions upon which it relied in denying her claim. She argues that this failure to disclose the two reports denied her a "full and fair" review of her claim. 29 U.S.C. § 1133. To correct this error, she asks that we remand this case back to the administrator to allow plaintiff to present this evidence and to then allow the administrator to make a new determination.

---

[3]The first time plaintiff became aware of the Estes report was in response to a discovery request in this case asking for a copy of her claim file.

Continental Casualty opposes the remand motion, arguing that the two reports were merely summaries of other evidence that was already in file and that was available to plaintiff. Thus, despite any failure to disclose the reports, plaintiff still got a full and fair opportunity to present her case. Continental Casualty asserts that what plaintiff is really trying to do is to get "another bite at the apple" by supplementing the administrative record with evidence she previously chose not to submit to the administrator and with evidence gathered after the administrative review process concluded. As we understand the defendant's position, it is not disputing the fact that plaintiff should have been given the two reports during the administrative process and that if she had been given those reports she would have been able to submit rebuttal evidence. In effect, defendant is arguing that any procedural error from failing to provide the reports is a harmless error.

Plaintiff's argument relies primarily on the Seventh Circuit's ruling in *Halpin v. W.W. Grainger, Inc.*, 962 F.2d 685, 689 (7th Cir. 1992). Specifically, plaintiff cites to the following language in *Halpin*:

> [T]he persistent core requirements of review intended to be full and fair include knowing what evidence the decision-maker relied upon, having an opportunity to address the accuracy and reliability of that evidence, and having the decision-maker consider the evidence presented by both parties prior to reaching and rendering his decision.

*Id.* at 689 *(quoting Grossmuller v. Int'l Union, United Automobile Aerospace and Agricultural Implement Workers of Am., UAW*, 715 F.2d 853, 858 n.5 (3d Cir. 1983). This case falls squarely within this dictate, which requires that plaintiff "know[] what evidence the decision-maker relied upon" so that, among other things, she has the "opportunity to address the accuracy and reliability of that evidence." *Id.* Here, plaintiff clearly did not receive the reports in time to

allow her to attack their "accuracy and reliability." Basic procedural fairness suggests that the committee not be allowed to rely on an expert opinion that was not disclosed to plaintiff.

As noted above, defendant does not really dispute this point. The only real question is whether defendant is correct in maintaining that the two reports were essentially harmless because they added nothing of significance and were merely summaries of the existing evidence. This description of the reports is misleading. A fair reading of Dr. Paskewicz's report makes it clear that he was doing more than simply summarizing the evidence and that in fact he was offering his expert opinion that plaintiff was not disabled under the policy. If defendant is correct, then why go to the trouble of getting an independent licensed psychologist to simply summarize the existing evidence? The fact that the appeals committee asked Dr. Paskewicz to follow-up on his initial conclusions in the March 9th letter, which he did in his March 10th letter, shows that his report was important and that the committee was relying on it in a meaningful way.[4]

For all the above reasons, we will remand this case for a new determination of benefits consistent with this opinion. *See Quinn v. Blue Cross and Blue Shield Assoc.*, 161 F.3d 472, 477 (7th Cir. 1998).[5] Concurrently with the motion to remand, plaintiff also filed a motion to compel discovery. However, plaintiff stated that this motion would be rendered moot if we granted the

---

[4] If limited solely to the Estes report, defendant's argument is stronger. The Estes report was not referred to at all in the appeals committee's letter and so it is not entirely clear the committee relied on that report. Moreover, the Estes report was drafted by a nurse rather than an independent psychologist.

[5] At the end of her reply brief, plaintiff requested fees pursuant to 29 U.S.C. § 1132(g). If plaintiff wishes to pursue her request for fees, she should file a separate motion, and we will then set a briefing schedule on the issue.

motion to remand. In light of our ruling herein, we will deny the motion to compel as moot.

## CONCLUSION

For the foregoing reasons, the court grants the motion to remand and remands this case for a new determination of benefits consistent with this opinion. The motion to compel discovery is denied as moot.

**ENTER:**

JOHN A. NORDBERG
Senior United States District Court Judge

DATED: November 2, 2000